

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Fred Norris
County Auditor
Polk County
Livingston, Texas

Dear Sir:

Opinion No. O-1612
Re: May the Commissioners' Court of
a county appropriate money from
the several constitutional funds,
as well as the general fund, to
employ a firm of tax engineers
to assist the Commissioners'
Court in arriving in various oil
valuations.

You request an opinion of this department on the
facts and question set out in your letter as follows:

"We have a contract with Pritchard & Abbott,
tax engineers, to represent the commissioners'
court in arriving at various oil valuations in
this county. I propose to pay them as follows:

"Have the tax collector to foot up his tax
roll, and deduct a sufficient amount from same,
or each subdivision, that is, the column that is
headed schools, deduct the amount that they have
participated, the column headed County ad valorem
deduct the amount from same, this to be done for
each subdivision, . . .

"Our tax rate is $1.00 divided as follows:
Jury Fund, 15¢, Road & Bridge Fund, 30¢, General
Fund, 25¢, Permanent Improvement Fund, 25¢,
Special Road Tax, 5¢. I propose to charge the
proportionate amount to these various funds, and
the schools concerned, . . ."

It is to be noted from your letter that you propose
to take money from various constitutional funds to pay the
firm of Pritchard and Abbott. It is to be noted in the first
place that the Commissioners' Court has no authority aside

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

from that granted to it by the Constitution, or Legislature. As stated by the Supreme Court of Texas in the case of Commissioners' Court of Madison County vs. Wallace, 15 S. W. (2d) 535:

> ". . . As said by the Court of Civil Appeals in its opinion: 'The commissioners' court is a creature of the state Constitution and its powers are limited and controlled by the Constitution and the laws as passed by the Legislature.' Constitution, art. 5, section 18; Baldwin v. Travis County, 40 Tex. Civ. App. 199, 88 S. W. 480; Seward v. Falls County (Tex. Civ. App.) 246 S. W. 728; Bland v. Orr, 90 Tex. 492, 39 S. W. 558. . . ."

In discussing the question of whether or not the Commissioners' Court has the authority to hire a firm of tax engineers for the purpose stated in your letter, the case of Roper vs. Hall, 280 S. W. 289, is important. In that case, the Waco Court of Civil Appeals held, in construing a contract made by the Commissioners' Court of Freestone County with a man named Pickett, which contract called for the performance of services similar to the services to be performed by the engineers in your case, as follows:

> ". . . The making of the contract under consideration was within the implied power possessed by the Commissioners' Court of Freestone county, and such contract did not contemplate the performance by said Pickett of duties imposed by law upon either the assessor or the Commissioners' Court. . . ."

The case of Roper vs. Hall, supra, is the only decision which directly holds that the Commissioners' Court has the authority to do what it proposes to do in hiring the firm of tax engineers in this case. It is the opinion of this department that the Commissioners' Court does have the authority to employ such a firm to assist it in arriving at oil valuations in the county.

It is to be noted that the contract about which the case of Roper vs. Hall was concerned, called for the payment of the firm of tax engineers by warrants drawn on the general fund of the county. The court does not discuss the question of whether or not the engineers could have been paid with warrants drawn on some of the constitutional funds of the county.

The outstanding authority on the proposition of the purposes for which the constitutional funds may be expended by the Commissioners' Court is the case of Carroll vs. Williams, 202 S. W. 504, Supreme Court of Texas. In this case, the Supreme Court specifically held that the money collected for the various constitutional funds could not be spent for any other purpose than the purpose for which such fund was set up by the Constitution. In so holding, the court stated, as follows:

". . . Taxes levied ostensibly for any specific purpose or class of purposes designated in section 9 of article 8, supra, must be applied thereunto, in good faith, . . ."

It is the opinion of this department, therefore, that the Commissioners' Court is unauthorized to pay the firm of tax engineers involved to assist said court in evaluating oil properties in the county out of money of the various constitutional funds in said county. There is no authority for the payment of this money out of any fund except the general fund.

In your letter you refer to delinquent tax contracts wherein payment is made out of the tax money collected, which money belongs to all of the various funds of the county. Delinquent tax contracts are not analogous to the contract in this case because of the fact that there is legislative authority for the payment of delinquent tax contracts out of the tax money as collected. Such payment in the case of delinquent tax contracts was upheld by the Supreme Court of Texas in the case of Commissioners' Court of Madison County vs. Wallace, supra. The court upheld such payment because of the legislative authority. In doing so, the court stated as follows:

". . . The contract here does not involve the question of the transfer of money from one fund to another. Article 7335 authorizes a county commissioners' Court 'to pay for an abstract of property assessed or unknown and unrendered from the taxes, interest and penalty to be collected on such lands,' such payment being contingent upon the collection of such taxes, interest, and penalty. This is legislative authority for said commissioners' court to contract and pay for such an abstract

of property out of such collections, including the state's part of such taxes, or what would be the state's part of such taxes, if or when it was collected and turned into its funds. . . ."

In your letter you also asked the following question:

"Suppose that there is no law permitting this, and our Tax Collector consents, and does do it, to what extend is he liable?"

Since it is to be presumed that the Tax Collector will handle the matter properly we hardly deem it necessary to answer your last question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        Billy Goldberg
                Billy Goldberg
                Assistant

BG:GO

APPROVED DEC 18, 1939

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN